IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY L. DODD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 4478 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| PENTAIR PUMP GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Timothy L. Dodd filed a two-count first amended complaint alleging that his employer, defendant Pentair Pump Group, terminated him to prevent his use of benefits, in violation of § 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140, and failed to provide a reasonable accommodation and terminated him due to his disability (alcoholism) in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. Defendant has filed a motion to dismiss the ERISA claim under Fed. R. Civ. P. 12(b)(6), to which plaintiff failed to respond and defendant failed to reply. The deadlines the court set at the April 26, 2012, status hearing (ordering plaintiff to respond by May 10 and defendant to reply by May 17) have passed without any explanation or request for extension of time from either party. For the following reasons, defendant's motion to dismiss is denied.

If the court is "given plausible reasons for dismissing a complaint," it need not "do the plaintiff's research and try to discover whether there might be something to say against the defendant's reasoning." Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999). On the other hand, if the reasons are not plausible, the court need not grant the motion simply as a matter of course because the plaintiff has failed to respond to the motion. See L.R. 78.3. This is particularly true when, as here, defendant has also ignored the court's briefing

schedule, neglecting to file a reply brief that could have emphasized plaintiff's omission and argued waiver, and when—more importantly—the court need not strain to determine that defendant's motion is meritless.

Defendant offers what it styles as three reasons to dismiss plaintiff's complaint, but which in fact amount to two (equally unpersuasive) reasons. The first two are essentially the same: plaintiff's allegation of intent is insufficient, thus making it impossible for plaintiff to succeed using either the direct method of proof or the indirect method under McDonnell Douglas v. Green, 411 U.S. 792 (1973). See Lindemann v. Mobil Oil Corp., 141 F.3d 290, 295-96 (7th Cir. 1998) ("[W]hen attempting to establish intent under section 510 of ERISA, proof of pretext is required," and "[s]uch proof may be supplied by direct or circumstantial evidence," with circumstantial evidence being presented through the McDonnell Douglas analysis)).

First, defendant contends that plaintiff cannot succeed by the latter method (the so-called "indirect method"), because a prima facie case under § 510 requires that the plaintiff "belongs to the protected class." Grottkau v. Sky Climber, 79 F.3d 70, 73 (7th Cir. 1996). According to defendant, although plaintiff alleges that he "was a participant in, and entitled to benefits under, [defendant's] group health plan" (which the court will refer to as "the Plan"), that allegation is contradicted by the terms of the Plan, which defendant incorrectly asserts is attached to its motion to dismiss and which, in the event that defendant had attached it, the court may have considered. See Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.") (citations omitted).

But even if defendant had provided the court with a copy of the Plan, and assuming that the plan's terms are as defendant claims them to be, those terms would not render the amended complaint implausible or otherwise insufficient. Although the amended complaint does not specify which benefits plaintiff believes he was entitled to, defendant surmises that "benefits" refers to the inpatient chemical dependency treatment benefits described in the Plan (an assumption plaintiff has not corrected, and the likely accuracy of which is substantiated by the amended complaint's allegations that plaintiff had a history of alcoholism and sought "in-patient rehabilitation" after a relapse). Under the Plan, an employee is entitled to chemical dependency treatment when he suffers from a chemical dependency "as determined by a Physician or Psychologist." It also provides that an employee requests such treatment by calling the HMO Illinois Chemical Dependency Hotline. Plaintiff alleges that he "approached his supervisor and requested . . . in-patient rehabilitation." He does not, however, allege that a physician or psychologist determined that he had a chemical dependency,[1] and he does not allege that he called the specified phone number to request treatment. But plaintiff's allegation that he asked his supervisor for inpatient rehabilitation does not make it implausible that he also complied with the Plan's requirements for chemical dependency treatment benefits—it simply provides additional, if superfluous, factual detail.

Defendant next argues that plaintiff has not alleged that defendant terminated plaintiff with the intent of depriving him of benefits or retaliating for the use of benefits (as required

---

[1] Moreover, it is entirely unclear whether the Plan places the onus on the employee or the employer to determine whether an employee is medically diagnosed as suffering from a chemical dependency. In answering the rest of the complaint's allegations under the ADA, defendant admitted that it "never requested an independent evaluation of [plaintiff's] medical condition."

3

under the direct approach), but that is incorrect. Plaintiff plainly alleges intent when he claims that defendant "terminated [plaintiff's] employment to prevent his use of benefits." His allegations need go no further.

Finally, defendant states that plaintiff failed to exhaust his administrative remedies, which apparently the Plan (which, again, defendant did not in fact attach) requires. Defendant fails to recognize that "[f]ailure to exhaust administrative remedies is an affirmative defense." Walker v. Thompson, 288 F.3d 1005, 1009 (7th Cir. 2002). Thus, unless the amended complaint makes clear that plaintiff failed to exhaust his administrative remedies, this contention is premature. See Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) ("[A] plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses."). Plaintiff's amended complaint does not allege any facts regarding his administrative remedies under the Plan—which, in any event, the court cannot verify even exist.

Defendant's contentions ignore the notice pleading standard in Rule 8, requiring that a complaint do no more than provide a "short and plain statement of the claim showing that the pleader is entitled to relief" and which provides "fair notice" of the claim and its basis. Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and quoting Fed. R. Civ. P. 8(a)(2)). Because plaintiff's amended complaint complies with that requirement, and "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," dismissal is inappropriate. Ashcroft v. Iqbal, 556 U.S. 662, 672 (2009) (quotations omitted).

For these reasons, defendant's motion to dismiss plaintiff's ERISA claim is denied. Defendant is directed to answer the ERISA claim on or before June 28, 2012.

**ENTER:** June 1, 2012

_____
**Robert W. Gettleman
United States District Judge**